UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAX WAIT,

Plaintiff,

v.

KNOLL, INC.,

Defendant.

File No. 1:20-cv-1012

Hon.

# COMPLAINT AND JURY DEMAND

## COMPLAINT

Plaintiff Max Wait, by his attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, represents:

### COUNT I - FEDERAL AGE DISCRIMINATION IN EMPLOYMENT ACT

#### Jurisdiction, Venue and Parties

1.  Plaintiff seeks legal and equitable relief regarding deprivation of certain rights secured by the Age Discrimination in Employment Act of 1967, the same being 29 U.S.C. §§ 621-634. Such relief is authorized under 29 U.S.C. § 626(b)(c).

1

2. This Court has jurisdiction pursuant to 29 U.S.C. §626(c)(d). The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest. Jurisdiction is also based upon 28 U.S.C. §1331 (federal question) and §1332 (diversity of citizenship).

3. Plaintiff is a resident of Muskegon County, Michigan, and the Western District of Michigan, Southern Division. At the time the claims set forth herein arose, Plaintiff was within the age limits established by 29 U.S.C. §631.

4. Defendant is a for profit corporation organized under the laws of the State of Delaware, qualified to do business in Michigan and doing business in Michigan and the Western District of Michigan, Southern Division. Its corporate offices are in the State of Pennsylvania.

5. Venue is proper within this judicial district under 28 U.S.C. §1391(b).

### Statement of Facts

6. Plaintiff was employed by Defendant on August 20, 1984. On April 22, 2019, he was discharged for alleged violation of certain workplace rules. Plaintiff was a welder throughout most of his employment. At the time of his discharge he was 59 years old, having a birthdate of September 16, 1959, and had been employed by Defendant for over thirty-four (34) years.

7. Plaintiff during his employment by Defendant performed his job in an entirely satisfactory manner.

8. In or about May, 2017, Plaintiff was offered a "buyout" which he rejected.

9. In or about March and April, 2019, Plaintiff allegedly violated certain workplace rules by, among other things, writing his vacation preference on the department calendar as he had done for many years.

10. As a result of said alleged violation, Plaintiff was discharged without being subjected to progressive discipline as was customarily applied to employees at Defendant in the same or similar circumstances as Plaintiff.

11. Plaintiff was replaced by a person substantially younger than he.

12. Plaintiff represents that age was a determining factor with respect to his discharge by Defendant and said employment decision was willful.

13. As a result of Plaintiff's discharge by Defendant, he lost earnings and benefits.

## Cause of Action

14. Defendant, by discharging Plaintiff as aforesaid, violated 29 U.S.C. §623(a) in that it discriminated against him because of age and such discrimination was willful.

## Statutory Prerequisite

15. Plaintiff filed a charge of age discrimination on or about January 10, 2020, with the Equal Employment Opportunity Commission (EEOC) and within 300 days of the commission of the unlawful employment practice alleged herein.

16.     Plaintiff received on August 27, 2020, a Notice of Right to Sue from the EEOC dated August 25, 2020.

17.     This action has been filed within ninety (90) days of the receipt of said Notice of Right to Sue.

## Relief

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a)  An amount equal to lost earnings and benefits;

b)  Liquidated damages;

c)  Plaintiff's costs and interest herein and reasonable attorney's fees;

d)  An order reinstating Plaintiff in an appropriate position; and

e)  Such other legal and equitable relief as may be appropriate to effectuate the purpose of said Act.

## COUNT II – MICHIGAN'S ELLIOTT LARSEN CIVIL RIGHTS ACT

### Jurisdiction and Parties

18.     Plaintiff seeks legal and equitable relief regarding deprivation of certain rights secured by Michigan's Elliott Larsen Civil Rights Act.

19.     Jurisdiction of this Count II is founded upon pendent jurisdiction since this Court as set forth in Count I of this Complaint has jurisdiction pursuant to 29 U.S.C. §626(c)(d) and also upon 28 USC §1332, diversity of citizenship.

20. This Count II is separate and independent of the claims set forth in Count I but is between the same parties and is based upon the same operative facts as set forth in Count I.

21. Judicial economy, convenience, and fairness to the parties herein will be furthered if the whole case is tried at one time.

22. - 23. Plaintiff incorporates by reference Paragraph 3 - 4 Count I as paragraphs 22 - 23 of this Count II.

### Statement of Facts

24-31. Plaintiff incorporates by reference paragraphs 6 - 13 of Count I as Paragraphs 24 - 31 of this Count II.

32. As a result of Plaintiff's discharge by Defendant, he lost earnings and benefits and suffered mental anguish and emotional distress.

### Cause of Action

33. Defendant, by discharging Plaintiff as aforesaid, violated MCLA 37.2202 in that it has discriminated against Plaintiff because of his age.

### Relief

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a) Compensatory damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs;

b) An award to Plaintiff for back pay and lost benefits;

c)   Plaintiff's costs and interest herein and reasonable attorney's fees;

d)   An order reinstating Plaintiff in an appropriate position; and

e)   Such other legal and equitable relief as may be appropriate, including exemplary damages.

### COUNT III – AMERICANS WITH DISABILITIES ACT

#### Jurisdiction, Parties and Venue

34. Plaintiff seeks legal and equitable relief regarding certain rights secured by the Americans With Disabilities Act of 1990, as amended (ADA), the same being 42 USC §12.101 et seq.

35. This court has jurisdiction pursuant to §12.117 of the ADA. Jurisdiction is also based upon 28 USC §1331 (federal question) and §1332 (diversity of citizenship). The amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

36. Plaintiff is a resident of Muskegon County and the Western District of Michigan Southern Division.   He is covered by the ADA.

37 - 38.   Plaintiff incorporates by reference Paragraphs 4 -5 of Count I as Paragraph 37 – 38 of this Count III.

#### Statement of Facts

39 - 41.   Plaintiff incorporates by reference Paragraphs 6 - 8 of Count I as Paragraphs 39 - 41 of this Count III.

6

42. In or about early December 2018, Plaintiff went off work and was placed on short-term disability in order to have knee surgery.

43. In or about early March 2019, Plaintiff returned to work after having knee surgery.

44 - 45. Plaintiff incorporates by reference Paragraphs 9 – 10 of Count I as Paragraphs 44 - 45 as this Count III.

46. Plaintiff represents that his discharge on April 22, 2019, as aforesaid was because he was perceived as having a disability or a record of a disability because of his knee surgery within the meaning of the ADA and said employment decision was willful.

47. Plaintiff incorporates by reference Paragraph 13 of Count I as Paragraph 47 of this Count III.

## Cause of Action

48. Defendant, by discharging Plaintiff as aforesaid, violated 42 USC §12.101 et seq. in that it discriminated against him because of a disability as and such discrimination is willful.

## Statutory Prerequisite

49 - 51. Plaintiff incorporates by reference Paragraphs 15 – 17 of Count I as Paragraphs 49 – 51 of this Count III.

## Relief

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a) An amount equal to lost earnings and benefits;

b) Compensatory damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs;

c) Punitive damages;

d) Plaintiff's costs and interest herein and reasonable attorney's fees;

e) An order reinstating Plaintiff in an appropriate position; and

f) Such other legal and equitable relief as may be appropriate to effectuate the purposes of ADA.

## COUNT IV – MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

### Jurisdiction, Parties and Venue

52. Plaintiff seeks legal and equitable relief regarding deprivation of certain rights secured by Michigan's Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101, et seq.

53. Jurisdiction of this Count IV is founded upon pendant jurisdiction pursuant to 42 USC §12.101, et seq. and also upon 28 USC §1332 (diversity of citizenship).

54. This Count IV is separate and independent of the claims set forth in Count III but is between the same parties and based upon the same operative facts as set forth in Count III.

55. Judicial economy, convenience, and fairness to the parties herein will be furthered if the whole case is tried at one time.

56 - 58. Plaintiff incorporates by reference Paragraphs 36 - 38 of Count III as Paragraphs 56 - 58 of this Count IV.

### Statement of Facts

59 – 65. Plaintiff incorporates by reference Paragraphs 39 - 45 of Count III as Paragraphs 59 - 65 of this Count IV.

66. Plaintiff represents that because of his knee surgery he was perceived as having a disability or a record of a disability within the meaning of the PWDCRA.

67. Plaintiff incorporates by reference Paragraph 47 of Count III as Paragraph 67 of this Count IV.

### Cause of Action

68. Defendant, by discharging Plaintiff as aforesaid, violated the PWDCRA in that it discriminated against Plaintiff because of his disability.

### Relief

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

    a) An award to Plaintiff for back pay and lost benefits;

    b) Compensatory damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs;

    c) An Award to Plaintiff for exemplary damages;

    d) Plaintiff's costs and interest herein and reasonable attorney's fees;

    e) An order reinstating Plaintiff in an appropriate position; and

    f) Such other legal and equitable relief as may be appropriate to effectuate the purposes of ADA.

Dated: October 22, 2020            PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                                                    Attorneys for Plaintiff

                                                    By   /s/ *H. Rhett Pinsky*
                                                            H. Rhett Pinsky (P18920)
                                                            146 Monroe Center, N.W., Suite 805
                                                            Grand Rapids, MI 49503
                                                            (616) 451-8496


## JURY DEMAND

To the extent jury trial is allowed with regard to any of the issues herein, Plaintiff demands same.


Dated: October 22, 2020            PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                                                    Attorneys for Plaintiff

                                                    By   /s/ *H. Rhett Pinsky*
                                                           H. Rhett Pinsky (P18920)
                                                          146 Monroe Center, N.W., Suite 805
                                                            Grand Rapids, MI 49503
                                                            (616) 451-8496